New Tech Research Systems v. United States. All right, Mr. Dunlap, please proceed. May it please the Court, good morning, good morning, your Honor, afternoon, we're here for a fairly straightforward and simple thing, I think, subject matter jurisdiction, but I think the case is interesting and unique because this is a case where we believe, the plaintiff believes, that the underlying contracting officer did not have the ability to ever make a decision on the termination of the contract because there was an allegation of fraud by the government. It's kind of unique. So starting with the statute, it then relates only to the $1.86 million where there's the reprogramming order. Correct, your Honor, it relates only to that reprogramming amount, but we would also submit that there's other pieces of the claim, that's a separate argument, but that the other pieces of the claim, the amounts that originally were submitted by Sonentech and now New Tech, and I'll just call them New Tech throughout, were never at a sum certain because there was essentially a negotiation going on between ONR, the Navy, and Sonentech, New Tech at the time. It wasn't finally resolved until essentially 2009 when the Inspector General said, well, you actually don't have any claim against the government at all. I think really this case kind of begs the question, where does a government contractor go when a government contractor sees fraud by the government, either against it or against other parts of the government, which is kind of what it's saying about the Navy reprogrammed funds. It really isn't a procedure, but it does suggest, the statute certainly clearly says, doesn't suggest, but clearly says, that the contracting officer's divested of the ability. I think the Medina case, cited by the government originally, says it, clear statutory language, 41 U.S.C. 605A, that COs are specifically admonished not to decide or settle plans arising under or relating to a contract subject to the CDA involving fraud, even if it suspects fraud related to the settlement of a terminated contract, the CO is directed to discontinue negotiations or report to the facts under agency procedures. I'm pretty troubled by your argument that the government defrauded NewTek, or that it was engaged in fraud when it determined to change the course of the award. What my client would say is that not necessarily that the government defrauded NewTek, it would say that, I think to some degree, but I think what it was saying was that it was reprogramming funds without permission of Congress, and those funds were specifically directed to something called PADS. But is that fraud? But it was fraud, I mean, that may have been improper. Well, it could be, because it was, and if you look at NewTek's letter, and then you look at Mr. Cleary's affidavit, who was the DCAA officer who was involved in a lot of this, and he submitted an affidavit as part of the subject matter hearing that we had in the lower court, it appears that PADS originally was an aerial-deployed sonar, and what happened was the Navy decided, well, NewTek, you're the aerial-deployed sonar company, we're going to change this to Kildare, a company you terminated for cause, and we're going to use it as a ship-deployed sonar, without informing Congress. And the funds under the 2001 Omnibus Act were specifically originally set only for assets, only an aerial-deployed sonar. So in this case, the reprogramming of funds without the permission of Congress, based on what the original appropriation was for, was essentially, and again, in what NewTek states in the 2007 letter, what it tries to get across is a, and it's letters to the Inspector General, fraud by the government on the government. So that's how, again, it breaches the kind of the issue of the reprogrammed funds being due back to NewTek, because they originally programmed for NewTek to deploy the PADS. I understand the government to be arguing that the fraud provision in the rule relates only to fraud by the contractor, not by the government. What's your reaction to that? Correct, Your Honor. Part of the government's reading of that is looking at 33-209. So it looks backwards to a different section of CFR and says, well, this section says specifically that it applies only to a contractor and not to the government. But 33-210, when read with Simcoe, which I think describes the clear legislative intent of 33-210, just says fraud. It doesn't say fraud by the contractor. It doesn't necessarily say fraud on the government. It says fraud. It says consistent with the limitations expressed in 4A, excluding issues of fraud. There was no intent to recapture agency jurisdiction for fraud-based claims. That's in Simcoe. The notes in the subcommittee hearing, the joint hearings for the subcommittee on federal spending practices, Congress in 1978, when they were writing the statute. So we would submit to this court that absent reading what the government called the regulatory scheme, reading other parts of the statute to imply meaning to this particular statute, to 33-210. You can't read 33-209 and say, well, because it says apply this to contractors only, that it must apply in 310. It's like reading the first part of the Lanham Act to require additional things for false designation of origin claim later on in the Lanham Act. It's requiring you to look backwards in the statute to derive meaning in this. So why isn't 605A pretty clear? I mean, the regulation is admittedly a bit confusing. But why isn't the statute itself clear? Because the proceeding sentence does not apply to a claim by the government against a contractor. It's based on a claim by the contractor involving fraud. Well, because the interpretation then, and a lot of this issue derives whether or not the court had jurisdiction. I mean, that's what it comes down to today. And the interpretation of that in Medina, case cited by the government, again, says the contracting officer at that point, I think the issue is whether or not the court had jurisdiction. And the government says the court didn't have jurisdiction because the contracting officer made a final decision. Our client says the contracting officer never had that authority because of their allegation of fraud. There is nothing in the CFR itself that says that fraud has to be fraud by the contractor. No, no, forget about the CFR. 605A. I mean, why doesn't that sink you? Make it clear that it's only talking about claims by the government against the contractor for fraud. And the other thing we did raise in the brief and we raised in the court below is that there was an allegation of fraud against Kildare by virtue of its interaction with the government, by virtue of the fact that it received these required claims. Well, that doesn't help you about your fraud claim. But, you know, I just don't understand how you can get around 605A. I understand the argument based on the regulation, but the regulation can only go so far as the statute goes. And the statute excludes only government fraud claims. Potentially, Your Honor. But I think that Kildare's fraud, which is contractor fraud claims too, the right to investigate. I mean, if you look at it in the whole context of things, what does a contractor do when it suspects fraud by the government? There's nothing in any statute or in any regulation to say to the contractor, well, you need to go to the IG, which is what this particular contractor did, what Newcheck did. Or you need to go to the GAO. Or you need to go to a certain agency. What it does is it leaves it in the government's hands to decide what to do when the contractor makes an allegation. But I would submit, perhaps, that this is a time or an opportunity to say that if there is fraud by the government on the government, which I admit is a rough or interesting proposition, but if there's a case like that, it certainly can happen, at least are my client alleges that it can. Well, we can't rewrite statutes. Right, but I'm not suggesting, I'm suggesting that there's nothing in the statute to say what should happen, but the circumstance occurs and they have to live within the confines of those statutes. But there is something in 605A that tells us what won't happen, and that is that the contractor won't be disqualified. If there's an allegation of fraud by the government. Correct, Your Honor. But if there's an, and what we're saying is, and I understand that, Your Honor, and admittedly that makes the argument more difficult, but what does the contractor do? It makes the argument impossible. I understand that, Your Honor. I don't have anything further. All right. Well, Mr. Schellner. May it please the Court. There are several dispositive problems with Plaintiff's Claims. To clear up one discrepancy, though, the legislative history, which was discussed in Simcoe, what Simcoe says and what the legislative history says is that consistent with limitations expressed in Section 4A, which became 605A, excluding issues of fraud against the United States from the contracting officer. The legislative history, Simcoe, everything points to the conclusion that these provisions excluding... Who cares about the legislative history? It's right in the statute. Indeed, Your Honor. I just wanted to clear up the record in terms of what the second half of that sentence said, which is applied to fraud committed against the United States, Your Honor. NUSAC raises two broad categories of claims here. The $1.86 million and then the purportedly non-reimbursed cost. Quickly, as to the $1.86 million in improperly redistributed funds, there never was a claim seeking entitlement as of some certain to that amount. The Court of Federal Claims profits on that basis alone, but there is no jurisdiction over that claim. Putting that aside, getting to NUSAC's other two claims, which are for these non-reimbursed costs, the Court likewise does not have jurisdiction. There were contract office final decisions issued in 2005 and 2007. 12 months passed, nothing happened. There was no appeal within 12 months. Accordingly, in the comments with Brenda Marine, in the simple failure to appeal those decisions within 12 months. Deprives the Court of Federal Claims with jurisdiction over those counts as well. Again, there are two claims. The Court correctly found both claims in the next election. Is there no further questions? Thank you, Your Honor. Thank you very much. I have a minute for a bottle. Mr. Beecher was an archivist. On Friday at 8 p.m. we discovered he wouldn't be admitted to the court. Oh, yeah. I've taken this over for his client. I'll point out, Your Honor, that 605A, as you asked earlier, says specifically, the last sentence just says, this section shall not authorize any agency head to compromise, pay, or otherwise adjust any claim involving fraud. It doesn't say specifically with respect to the contractor. It says involving fraud. Reading that, it's kind of in a void. Just as the statute says, it doesn't say with respect to a contractor. Again, looking at the statute, I don't see anything that specifically points it at the contractor or the government. Thank you. Thank both counsel. The case is submitted. That concludes our arguments at this point. All rise. The Honorable Court has adjourned until tomorrow morning at 8 a.m. Thank you.